The judgment of the Law Division is reversed and the case is remanded with directions that judgment be entered in favor of the plaintiffs setting aside the variance.

BERNARD SEIDEN, t/a BERNIE'S SUPRETTE, PLAINTIFF-APPELLANT, v. JEFFERSON INSURANCE COMPANY OF NEW YORK, *ET ALS.*, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 4, 1970—Decided May 13, 1970.

Before Judges Sullivan, Carton and Halpern.

*Mr. Jerome S. Lieb* argued the cause for appellant (*Messrs. Lieb, Teich & Berlin,* attorneys for appellant Bernard Seiden and appellant Eisenberg-Gollin Agency; *Messrs. Bennett & Bennett,* attorneys for appellant Continental Excess & Surplus, Inc.).

*Mr. Allan Maitlin* argued the cause for respondent (*Mr. Leonard Rosenstein,* on the brief; *Messrs. Feuerstein, Sachs & Maitlin,* attorneys for respondents Jefferson Insurance Company of New York and Horan Goldman of N. J. Inc.).

Per Curiam. We conclude that appellants have standing to review the trial court's ruling on the issue of reformation. We therefore consider the merits.

Appellants admit that their negligence was sufficient to have made them liable to plaintiff but for the intervening "unconscionable conduct" of defendant's general agent, which they argue requires reformation of the insurance policy and results in their exculpation.

The trial judge characterized the general agent's alleged dereliction as at most an oversight and found no evidence it was deliberate and amounted to unconscionable conduct.

The real wrongdoers were appellants-brokers. First, the wrong kind of coverage was ordered. Second, after defendant's general agent did not notice appellants' mistake *via* the O'Hanlon Reports, appellants were guilty of further negligence by their failure as brokers to review the policy issued and to make sure that it conformed to their client's insurance need.

The trial court's ruling that reformation of the policy did not lie, but that appellants were liable to plaintiff for negligence, is amply supported by the credible evidence.

Affirmed.